138          KENTUCKY REPORTS.          [Vol. 110

President, &c., of Louisville, and T. Turnpike Road Co. v. Anderson.

CASE 16—ACTION TO ENJOIN TURNPIKE CO., FROM ERECTING TOLL
HOUSE AND GATE, AND FROM COLLECTING TOLLS FROM PLAINTIFF—
FEB. 27.

# President, &c. of Louisville & T. Turnpike Road Co. v. Anderson.

### APPEAL FROM SPENCER CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL. AFFIRMED.

TURNPIKE ROADS—ERECTION OF TOLL GATE WITHIN PROHIBITED DIS-
TANCE OF TOWN—INJUNCTION.

Held:   Where a turnpike-road company proposes, in violation of its
    charter, to erect a tollgate within one mile of a town, one who
    lives on the road within a mile of the town, and outside the pro-
    posed gate, is entitled to an injunction restraining the company
    from erecting the gate and from collecting tolls from her.

G. G. GILBERT AND PRYOR, O'NEAL & PRYOR, FOR APPELLANTS.

      (No brief for appellant.)

P. J. FOREE AND J. W. REASER, FOR APPELLEE.

1 Appellant's charter prohibits the erection of a toll-gate within
    one mile of Taylorsville.   This is manifest from the charter it-
    self, but if there is any doubt of this, it is removed by the con-
    temporaneous construction placed upon this charter by appellant,
    its officers and stockholders.
2. The location of a toll-gate at a point prohibited by its charter is
    a nuisance, and any one living within the prohibited territory
    may enjoin same.   Woodward v. Commonwealth, 9 Ky. Law
    Rep.; Cohn v. Virginia, 6 Wheat., 418; Harris v. Com., 83 Ky.,
    162; Bardstown & G. R. T. R. Co. v. Talbott, &c., 11 Ky. Law Rep.,
    329; Louisville & T. T. P. Co. v. Bass, 19 Ky. Law Rep., 1954.

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER—AFFIRMING..

The appellant has a toll house and gate on its road near
Taylorsville, where it has been for more than forty years.,
It proposed to erect a toll house and gate within a less
distance than one mile of that town.   The appellee lived on
its road, within a mile of Taylorsville; and, upon a claim

that it was in violation of its charter rights to erect a toll house and gate within less than a mile of that town, and to do which would create a public nuisance, and also damage her specially, she enjoined it from erecting the toll house and gate.   Upon the trial of the question the court adjudged that it did not have the right to erect the toll house and gate at the place mentioned, or to collect tolls from her.   This court, in the case of Turnpike-Road Co. v. Boss, 44 S. W., 981, ruled that, under the charter of appellant, it had no right to erect a toll house and gate within one mile of a town on its road, although the Legislature had, by amendment to the charter, endeavored to confer such a right upon it.   Without going into the question as to the authority of the Legislature, by an amendment to the charter, to have conferred the right upon appellant to erect a toll house and gate within the originally prohibited distance, and without expressing an opinion as to the correctness of the opinion of the court in the case referred to on that question, it is sufficient to say that no amendment to the charter is relied upon as conferring the right to erect the toll house and gate within a mile of Taylorsville.   It appears that, under the original charter of appellant,—and it was so decided in the Boss Case,—it had no right to place a toll house and gate on the road within less than a mile of the towns along the road.   It was also decided in that case that a party living on the road, and within a mile of the town, was entitled to an injunction restraining the company from collecting of him tolls.   So the question involved in this case was adjudicated in that case.   Therefore it is unnecessary to extend this opinion for the purpose of giving further reasons for holding that appellant did not have the right to erect the toll house and gate as contemplated by it.   The judgment is affirmed.